IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 DEC 23 P 3:59
CLERK
SO. DIST. OF GA.

PHILIP WAYNE GREEN,

    Petitioner,

v.

UNITED STATES OF AMERICA and
TRACY JOHNS, Warden,

    Respondents.

CIVIL ACTION NO.: CV513-102

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Phillip Green ("Green"), who presently is incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Respondents filed a Motion to Dismiss. For the reasons which follow, Respondents' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Green was convicted, after a jury trial, in the Eastern District of Virginia of conspiracy to distribute and possess with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. § 846. Green was sentenced to 151 months' imprisonment. Green's conviction and sentence were affirmed on appeal. Green filed a 28 U.S.C. §

---

[1] Green utilized the form applicable to section 2241 petitions. However, in his "Statement of the Case", Green states that his 28 U.S.C. § 2255 motion is timely filed. (Doc. No. 1, p. 7). While the undersigned offers no opinion as to the relative merits of a section 2255 motion, the proper venue for such a motion lies with the court which imposed the sentence and/or conviction under attack. 28 U.S.C. § 2255(a).

AO 72A
(Rev. 8/82)

2255 motion, which the District Court for the Eastern District of Virginia denied. (Doc. No. 6, p. 2).

In this petition, Green contends that his trial counsel was ineffective for failing to raise a withdrawal defense or request that the jury be charged on that defense and failing to communicate that this was a viable defense to Green. Green also contends that his trial counsel was ineffective because he did not recuse himself on appeal to allow new counsel to raise issues of ineffective assistance of trial counsel on appeal.

Respondent asserts that Green does not satisfy section 2255's savings clause, and his petition should be dismissed.

## **DISCUSSION AND CITATION TO AUTHORITY**

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

AO 72A
(Rev. 8/82)

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Green's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. However, Green offers no reason why 28 U.S.C. § 2255 is inadequate or ineffective to challenge the legality of his detention.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.").

Green has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Green shown that his claims were foreclosed on a previous occasion. In other words, Green has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642

3

(11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Green has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Green cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Green is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Green's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE